SEYFARTH SHAW LLP
Michael J. Burns (SBN 172614)
mburns@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

SEYFARTH SHAW LLP
Michelle Zakarian (SBN 327628)
mzakarian@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90017-3021
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
ACADIA HEALTHCARE COMPANY, INC.
d/b/a MISSION TREATMENT SERVICES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE WILLIAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ACADIA HEALTHCARE COMPANY, INC. d/b/a MISSION TREATMENT SERVICES, INC., a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. **'21CV1174 AJB  MSB**<br><br>HON. _____<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION**<br><br>[Filed Concurrently With Declaration Of Michael Burns In Support; Declaration Of Christy Enos In Support; Declaration Of Scott Allen In Support; Corporate Disclosure Statement; Notice Of Interested Parties; Civil Cover Sheet; and Proof of Service]<br><br>(Removed from San Diego County Superior Court, Case No. 37-2020-00038158-CU-WT-NC)<br><br>Complaint Filed: October 16, 2020<br>Trial Date:         None set |

# **TABLE OF CONTENTS**

I. PLEADINGS, PROCESSES AND ORDER ............................................................. 1

II. TIMELINESS OF REMOVAL ................................................................................ 2

III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ............................. 3

    A. Plaintiff is a Citizen of California ................................................................ 3

    B. Defendant Is Not a Citizen of California ..................................................... 4

    C. Doe Defendants May Be Disregarded .......................................................... 5

IV. AMOUNT IN CONTROVERSY ............................................................................ 6

    A. Plaintiff's Prayer For Relief Establishes That The Amount In Controversy Is At Least $300,000 ............................................................... 7

    B. Plaintiff's Claims Otherwise Exceed 75,000 ............................................... 8

    C. Emotional Distress Damages ..................................................................... 10

    D. Attorney's Fees and Costs .......................................................................... 11

    E. Punitive Damages ...................................................................................... 12

V. VENUE .................................................................................................................. 12

VI. NOTICE OF REMOVAL ..................................................................................... 12

VII. PRAYER FOR REMOVAL .................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Chamness v. Stonebridge Life Ins. Co.*,
  Case No. CV09-0780 AHM, 2009 WL 734137 (C.D. Cal. Mar. 18, 2008) ........3

*Chavez v. JP Morgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) ................................................................................6

*City of Clarksdale v. BellSouth Telecomms., Inc.*,
  428 F.3d 206 (5th Cir. 2005) ................................................................................3

*Conrad Assocs. v. Hartford Accident & Indem. Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998) ....................................................................6

*Davenport v. Mut. Benefit Health & Accident Ass'n*,
  325 F.2d 785 (9th Cir. 1963) ..........................................................................6, 12

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) ..........................................................................4, 5

*Fristoe v. Reynolds Metals, Co.*,
  615 F.2d 1209 (9th Cir. 1980) ..............................................................................5

*Galt G/S v. JSS Scandinavia*,
  142 F. 3d 1150 (9th Cir. 1998) ........................................................................6, 11

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ................................................................................6

*Harris v. Bankers Life & Cas. Co.*,
  425 F.3d 689 (9th Cir. 2005) ................................................................................2

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ................................................................................4

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ..............................................................................4

*Kenny v. Wal-Mart Stores, Inc.*,
  881 F.3d 786 (9th Cir., Feb. 1, 2018) ...................................................................2

*Malone v. Potter*,
    2009 WL 999514 (C.D. Cal.) .............................................................................. 10

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999) ........................................................................................... 2

*Peacock v. Quest Diagnostics*,
    2010 WL 6806990 (C.D. Cal.) ....................................................................... 9, 10

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
    720 F.3d 1121 (9th Cir. 2013) ............................................................................ 2

*Sanchez v. Monumental Life Ins.*,
    102 F.3d 398 (9th Cir. 1996) ...................................................................... 6, 7, 8

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
    303 U.S. 283 (1938) ........................................................................................... 7

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ............................................................................. 4

*The Hertz Corp. v. Friend*,
    130 S. Ct. 1181 (2010) .................................................................................. 4, 5

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) ........................................................................... 6

*Ward v. Cadbury Schweppes Bottling Grp.*,
    2011 WL 7447633 (C.D. Cal) ........................................................................ 9, 10

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
    2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) ................................ 11

*Roby v. McKesson Corp.*,
    47 Cal. 4th 686 (2009) ..................................................................................... 12

**Federal Statutes**

28 U.S.C. 1332(c)(1) .................................................................................................. 4

28 U.S.C. § 84(c)(2) ................................................................................................. 12

28 U.S.C. § 1332 ....................................................................................................... 5

28 U.S.C. § 1332(a) ............................................................................................. 1, 7

28 U.S.C. § 1332(a)(1) ......................................................................................... 3, 12

28 U.S.C. § 1332(c)(1) ............................................................................................... 4

28 U.S.C. § 1441(a) ..................................................................................... 1, 3, 5, 12

28 U.S.C. § 1446 .................................................................................................... 1, 2

28 U.S.C. § 1446(a) .............................................................................................12, 13

28 U.S.C. § 1446(b) ..................................................................................................... 3

28 U.S.C. § 1446(b)(2(B) .......................................................................................... 3

28 U.S.C. § 1446(b)(2(C) .......................................................................................... 3

28 U.S.C. § 1446(c)(2) ............................................................................................... 7

28 U.S.C. § 1446(d) .................................................................................................. 12

**State Statutes**

Business & Professions Code § 17200 et seq. ........................................................ 1, 8

Cal. Civ. Proc. Code § 415.10 .................................................................................... 3

California Family Rights Act ...................................................................................... 9

Gov. Code § 12940 et seq. ...................................................................................... 1, 8

Gov. Code § 12940(h) ............................................................................................. 1, 8

Gov. Code § 12940(k) ............................................................................................. 1, 8

Gov. Code § 12940(m) ........................................................................................... 1, 8

Gov. Code § 12940(n) ............................................................................................. 1, 8

**Other Authorities**

*Aboulafia v. GACN Inc.*,
    2013 WL 8115991 (Los Angeles Sup. Ct.) ................................................. 9, 10

*Beard v. Los Angeles Cnty. Law Library*,
    2009 WL 250543 (Los Angeles Sup. Ct.) ...................................................... 10

*Bisharat v. Los Angeles Unified Sch. Dist.*,
    2013 WL 1415554 (Los Angeles Sup. Ct.) ..........................................................9

*Crawford v. DIRECTV, Inc.*,
    2010 WL 5383296 (Los Angeles County Sup. Ct.) ...........................................11

*Denenberg v. Cal. Dep't of Transp.*,
    2006 WL 5305734 (San Diego County Sup. Ct.)................................................11

*Dodd v. Haight Brown & Bonesteel LLP*,
    2010 WL 4845803 (Los Angeles Sup. Ct.) ..........................................................9

*Jolly v. City of Long Beach*,
    2013 WL 3340512 (Los Angeles Sup. Ct.) ..........................................................9

*Leimandt v. Mega RV Corp.*,
    2011 WL 2912831 (Orange County Sup. Ct.).....................................................10

*O'Connor v. UHS-Corona Inc.*,
    2011 WL 3606915 (Riverside Sup. Ct.) ...............................................................9

*Signlin v. Carden Whittier Sch. Inc.*,
    2012 WL 1798892 (Los Angeles Sup. Ct.) ..........................................................9

*Silverman v. Stuart F. Cooper Inc.*,
    2013 WL 5820140 (Los Angeles Sup. Ct.) .....................................................9, 10

*Sun v. Transit Air Cargo, Inc.*,
    2012 WL 933613 (Orange County Sup. Ct.).......................................................9

*Vanderheiden v. City of Alameda*,
    2011 WL 1562075 (Alameda County Sup. Ct.) ...................................................9

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
    2013 WL 7852947 (Los Angeles Sup. Ct.) .....................................................9, 10

*Welch v. Ivy Hill Corp.*,
    2011 WL 3293268 (Los Angeles Sup. Ct.) ........................................................10

*Ybarra v. Dacor Holding Inc.*,
    2010 WL 2404221 (L.A. County Sup. Ct.) ........................................................10

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that Acadia Healthcare Company, Inc. d/b/a Mission Treatment Services, Inc. ("Acadia" or Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, asserting original jurisdiction under 28 U.S.C. section 1332(a) (Diversity Jurisdiction), and removal jurisdiction under 28 U.S.C. sections 1441(a), and 1446.  Defendant states that the removal is proper for the following reasons:

**I.     PLEADINGS, PROCESSES AND ORDER**

1. On October 16, 2020, Katherine Williams ("Plaintiff") filed an unverified Complaint in the Superior Court of California, County of San Diego, entitled: *KATHERINE WILLIAMS v. ACADIA HEALTHCARE COMPANY, INC. d/b/a MISSION TREATMENT SERVICES, INC., a corporate entity form unknown; and DOES 1 through 50, inclusive,* Case Number 37-2020-00038158-CU-WT-NC (the "Complaint").  A true and correct copy of the Complaint is attached to the concurrently filed Declaration of Michael J. Burns as **Exhibit A**.

2. The Complaint purports to allege eight (8) causes of action for:

(1)   Discrimination in Violation of Gov. Code §12940 et seq.

(2)   Age Discrimination in Violation of Gov. Code §12940 et seq.

(3)   Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)

(4)   Failure to Accommodate in Violation of Gov. Code § 12940(m)

(5)   Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)

(6)   Retaliation in Violation of Gov. Code §12940(h)

(7)   Wrongful Termination

(8)   Violation of Business & Professions Code § 17200 et seq."

3. On or about **May 27, 2021**, Plaintiff served Defendant a summons and other documents along with the Complaint via CT Corporation, Defendant's agent for service of process. Attached to the concurrently filed Declaration of Michael J. Burns as **Exhibit B** are true and correct copies of the: (1) Summons and Complaint; (2) the Service of Process Transmittal from CT Corporation; (3) the Civil Case Cover Sheet and Addendum; (4) Plaintiff's Statement of Punitive Damages; and (5) Notice of Case Assignment and Case Management Conference.

4. On **June 24, 2021**, Defendant answered Plaintiff's unverified Complaint in the Superior Court of California, County of San Diego. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached as **Exhibit C** to the Declaration of Michael J. Burns.

5. **Exhibits A-C** constitute all pleadings, processes and orders served on, or filed by, Defendant in this action. (*See* Declaration of Michael J. Burns ("Burns Decl."), at ¶ 3.)

## II.    TIMELINESS OF REMOVAL

6. The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *accord Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("We have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.' *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005)). Accordingly, 'even if a defendant could have discovered

1 grounds for removability through investigation, it does not lose the right to remove
2 because it did not conduct such an investigation and then file a notice of removal within
3 thirty days of receiving the indeterminate document.'").
4    7.   The service of process which triggers the 30-day period to remove is
5 governed by state law. *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206,
6 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal
7 motion within thirty days of service, the term 'service of process' is defined by state
8 law.").
9    8.   Furthermore, each defendant has thirty (30) days after service to file a
10 Notice of Removal. 28 U.S.C. § 1446(b)(2(B). Where defendants are served at different
11 times, the later-served defendant may remove, even if the earlier-served defendant did not
12 remove. 28 U.S.C. § 1446(b)(2(C).
13    9.   This Notice of Removal is timely because it is filed within thirty (30) days
14 of personal service of the Summons and Complaint on **May 27, 2021**. 28 U.S.C.
15 § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal
16 delivery of a copy of the summons and of the complaint to the person to be served.
17 Service of a summons in this manner is deemed complete at the time of such delivery.").

## III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

   10.   The Court has original jurisdiction of this action under 28 U.S.C.
section 1332(a)(1). As set forth below, this action is removable pursuant to the
provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of
$75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Plaintiff is a Citizen of California

   11.   "To establish citizenship for diversity purposes, a [natural] person must be
both (1) a citizen of the United States, and (2) be domiciled in [one] state." *Chamness v.
Stonebridge Life Ins. Co.*, Case No. CV09-0780 AHM (JCx), 2009 WL 734137, at *1
(C.D. Cal. Mar. 18, 2008) (denying plaintiff's motion for remand because defendant's
removal notice established complete diversity).

Case 3:21-cv-01174-AJB-MSB   Document 1   Filed 06/25/21   PageID.10   Page 10 of 19

12. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is *prima facie* [evidence of] domicile").

13. Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. The Complaint alleges that, "The damages upon which this action is based occurred in the County of San Diego," and that "Plaintiff was a resident of the County of San Diego." (*See* Ex. A, Compl., ¶1, ¶2.) Further, Plaintiff listed a California address, and maintained a California address on file for purposes of her personnel file, payroll checks, state payroll, and tax withholdings during the period of her employment with Defendant. (*See* Declaration of Scott Allen ("Allen Decl.") at ¶ 4.) In addition, Defendant's review of public records reveals that Plaintiff resides in California. (*See* Burns Decl., ¶ 4, Ex. D.)

14. Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B.    Defendant Is Not a Citizen of California**

15. Defendant is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1). For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).

16. The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

4
NOTICE OF REMOVAL
72270045v.1

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center"** . . . *The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

17. Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware. (*See* Declaration of Christy Enos ("Enos Decl.") at ¶ 7.) Further, as shown below, Defendant's principal place of business is, and has been at all times since this action commenced, located in the State of Tennessee. (Enos Decl. ¶ 8.)

18. Pursuant to *Davis*, 557 F.3d at 1029, and *The Hertz Corp.*, 130 S. Ct. at 1192, Defendant's principal place of business is not located in California, because its "nerve center" is located in another state. Defendant's corporate headquarters are located in Franklin, Tennessee, where Defendant's high level officers direct, control, and coordinate Defendant's activities. (Enos Decl. ¶ 8.) Defendant's high level corporate officers maintain offices in Tennessee, and mane of Defendant's corporate level functions are performed in the Tennessee office. (*Id.*) Additionally many of Defendant's executive and administrative functions, including corporate finance and accounting, are directed from the Franklin, Tennessee office. (*Id.*) Therefore, Defendant's corporate headquarters are not located in California, and its high level officers do not direct, control, and coordinate its activities in California. (Enos Decl. ¶ 8.)

19. Accordingly, for purposes of diversity of citizenship, Defendant is a citizen of Delaware and Tennessee, and not a citizen of California.

### C. Doe Defendants May Be Disregarded

20. Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal

petition). Thus, the existence of Doe defendants, 1-50, does not deprive this Court of jurisdiction.

## IV.  AMOUNT IN CONTROVERSY

21. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

22. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

23. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

24. Further, in determining the amount in controversy at the time of removal, the Court is not limited to the amount of damages incurred as of the time of removal, but may look forward in time to damages that can be recovered in the future. *Chavez v. JP*

*Morgan Chase & Co.,* 888 F.3d 413, 417-18 (9th Cir. 2018) ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy. In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").

25. Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### A. Plaintiff's Prayer For Relief Establishes That The Amount In Controversy Is At Least $300,000

26. When a defendant seeks removal on diversity grounds, "the sum demanded in good faith [by the plaintiff] in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 402 (9th Cir. 1996) ("[T]he sum claimed by the plaintiff controls," unless it appears "that the claim is really for less than the jurisdictional amount.") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

27. In Plaintiff's initial pleading, Plaintiff alleges that she "has suffered loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars." (See Ex. A, Compl., ¶ 32; Prayer for Relief, ¶ 1.) Indeed, Plaintiff prays for "damages, including but not limited to loss of earnings, employee benefits, according to proof, but no less than three hundred thousand dollars." (See Ex. A, Compl., Prayer for Relief ¶ 1.)

28. Accordingly, Plaintiff's demand for an amount of damages of **no less than $300,000** should be deemed the amount in controversy, which satisfies and exceeds the jurisdictional threshold.

### B. Plaintiff's Claims Otherwise Exceed 75,000

29. The amount in controversy requirement is satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum based on the allegations in Plaintiff's Complaint. *See Sanchez*, 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted).

30. In the Complaint, Plaintiff alleges eight causes of action against Defendant for: "(1) Discrimination in Violation of Gov. Code §12940 et seq.; (2) Age Discrimination in Violation of Gov. Code §12940 et seq.; (3) Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k); (4) Failure to Accommodate in Violation of Gov. Code § 12940(m); (5) Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n); (6) Retaliation in Violation of Gov. Code §12940(h); (7) Wrongful Termination; and (8) Violation of Business & Professions Code § 17200 et seq."

31. Plaintiff claims damages for general and special damages, including but not limited to past and future lost wages, emotional distress, punitive damages, and attorneys' fees and costs. (*See* Ex. A, Compl., ¶¶ 32-33, 38-40, 49-50, 53-55, 59-62, 69-70, 73-77, 84-92, 97-99, 105-106, 112-113; Prayer for Relief, at ¶¶ 1-7.)

32. At the time of her termination, Plaintiff was a full-time, salaried employee who earned $65,228.00 annually. (Allen Decl., ¶ 6.) Given that Plaintiff alleges that she was wrongfully terminated in February 2020, Plaintiff has already incurred at least **$86,970.67** ($5,435.67 monthly salary times 16 months (February 2020 to June 2021)).

33. Assuming that this matter goes to trial one year after this filing, and Plaintiff remains unemployed for a total of 28 months (February 2020 to June 2022), Plaintiff's lost income would equal **$152,198.76** ($5,435.67 monthly salary X 28 months (February 2020 to June 2022)).

34. Additionally, should Plaintiff prevail at trial, it is more likely than not that she would recover over $75,000.00 in damages as there have been, in recent years,

several verdicts in similar disability discrimination and wrongful termination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,904,635 to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.,* 2013 WL 8115991 (Los Angeles Sup. Ct.) (award of $1,361,756, $1,447,634, $1,503,074, and $1,368,266 to four employees for their discrimination claims); *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury verdict of $325,223 awarded to employee in discrimination action); *Bisharat v. Los Angeles Unified Sch. Dist.*, 2013 WL 1415554 (Los Angeles Sup. Ct.) ($473,750 jury verdict awarded to employee alleging disability discrimination, failure to prevent discrimination, failure to accommodate, failure to engage in the interactive process, and constructive discharge); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging disability discrimination, retaliation, failure to engage in interactive process, failure to prevent discrimination/harassment, and constructive discharge); *Signlin v. Carden Whittier Sch. Inc.*, 2012 WL 1798892 (Los Angeles Sup. Ct.) (jury award of $323,985 to employee who was wrongfully terminated in retaliation for taking medical leave in violation of the CFRA);  *Sun v. Transit Air Cargo, Inc.*, 2012 WL 933613 (Orange County Sup. Ct.) (award of $75,290 to employee in discrimination and violation of California Family Rights Act action); *O'Connor v. UHS-Corona Inc.*, 2011 WL 3606915 (Riverside Sup. Ct.) (jury verdict awarding $1,630,334 to employee who brought action against employer for retaliation in violation of the CFRA); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award of $17,899,400 to six employees in an alleged discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (award of $229,639 to employee in discriminatory termination in violation of the CFRA); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (Los Angeles Sup. Ct.) (jury verdict awarding

1  employee $410,520 in disability discrimination action); *Ybarra v. Dacor Holding Inc.*,
2  2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability
3  discrimination and wrongful termination action); *Malone v. Potter*, 2009 WL 999514
4  (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation
5  action); *Beard v. Los Angeles Cnty. Law Library*, 2009 WL 250543 (Los Angeles Sup.
6  Ct.) (award of $146,000 to employee who was wrongfully terminated based upon her age
7  and race).

8        35.    Plaintiff's allegations that she was retaliated against, discriminated against
9  and discharged because of her age and disability are factually similar to the issues in
10 these cases. Defendant has attached these verdicts as **Exhibit E** to the concurrently filed
11 Declaration of Michael J. Burns for the Court's review.

12       **C.**    **Emotional Distress Damages**

13       36.    Plaintiff also claims damages for emotional distress. (Ex. A, Compl., ¶¶ 33,
14 50, 58, 70, 85, 97, 105.) A review of jury verdicts in California demonstrates that
15 emotional distress awards in discrimination cases commonly exceed $75,000. *See*
16 *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury
17 awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los*
18 *Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of
19 $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v.*
20 *GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of
21 $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination
22 action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury
23 award $5,600,000 in non-economic damages in discrimination and retaliation case);
24 *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000
25 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV*
26 *Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and
27 suffering to employee in a discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL
28

6806990 (C.D. Cal.) (jury award of $150,000 in non-economic loss to employee in action for discrimination action).

37. Plaintiff's allegations of emotional distress are similar to the issues raised in these cases. Defendant has attached these verdicts as **Exhibit F** to the concurrently filed Declaration of Michael J. Burns for the Court's review.

### D. Attorney's Fees and Costs

38. Plaintiff claims that she is entitled to attorneys' fees and costs. (See Ex. A, Compl., ¶¶ 40, 55, 62, 77, 92, 99.) Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

39. Courts have also awarded far in excess of $75,000.00 in attorneys' fees in cases involving employment-related claims. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims). Defendant has attached these verdicts as **Exhibit G** to the concurrently filed Declaration of Michael J. Burns for the Court's review.

40. Defendant anticipates depositions being taken in this case, and that ultimately, Defendant will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful termination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000.00 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000.00 if the case proceeds to trial. (Burns Decl., ¶ 6.)

### E. **Punitive Damages**

41. Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). (*See* Ex. A, Compl., ¶¶ 38-39, 53-54, 59-61, 73-76, 86-91, 98, 106; Prayer for Relief, ¶ 5.)

42. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009).

43. Based upon the allegations contained in the Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court.

44. Plaintiff also filed a separate Statement of Punitive Damages seeking **$100,000.00** in punitive damages. (*See* Ex. C, Plaintiff's Statement of Punitive Damages.)

45. Because diversity of citizenship exists between Plaintiff and Defendant, and the matter in controversy between the parties is in excess of $75,000.00, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1).

## V. **VENUE**

46. Venue lies in the Southern District of California pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c)(2). This action originally as brought in the Superior Court of the State of California,, County of San Diego, which is located within the Southern District of the State of California. (*See* Ex. A, Compl.)

## VI. **NOTICE OF REMOVAL**

47. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of San Diego, in the State Court Action.

48. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

49. In compliance with 28 U.S.C section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits A through C to the concurrently filed Declaration of Michael J. Burns.

## VII. PRAYER FOR REMOVAL

50. WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

DATED: June 25, 2021                    Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Michael J. Burns
Michelle Zakarian

Attorneys for Defendant
ACADIA HEALTHCARE COMPANY, INC.
d/b/a MISSION TREATMENT SERVICES, INC.

13
NOTICE OF REMOVAL

72270045v.1